995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Delbert Lee CONNOR, Plaintiff-Appellant,
v.
Ron ANGELONE, et al., Defendant-Appellee.
 No. 92-16119.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Delbert Lee Connor ("Connor") appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 claims. Connor contends his constitutional rights under the Fifth, Eighth and Fourteenth Amendments were violated because the defendants failed to provide him with timely parole hearings. The district court found that claims based on parole hearings due before August 10, 1988 were barred by the statute of limitations. It further found there was no genuine question whether Connor signed a waiver of parole hearings on March 24, 1987. It concluded that this waiver precluded any possible liability for the failure to provide parole hearings between that date and September 1990, when Connor had a hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 3
 Connor contends that the district court erred in granting summary judgment on his claims regarding hearings after March 1987. The district court found that there was no genuine question whether Connor signed a waiver in March 1987. With that document Connor waived parole hearings until such time as he notified prison officials in writing that he wished to again be considered for parole. Connor here first contends he never signed the waiver.
 
 
 4
 Summary judgment was appropriate if "there [wa]s no genuine issue as to any material fact and ... the moving party [wa]s entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To create a genuine issue, Connor must offer more than a scintilla of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).
 
 
 5
 Here the evidence of the waiver is overwhelming. The record contains the witnessed waiver. It also contains an affidavit from Carol Ployhar, the witness, stating that Connor signed it in her presence. Moreover, the signature on the waiver is indistinguishable from Connor's signature on other documents in the record. Connor offers nothing to suggest that he did not sign the waiver except his self-serving assertion to that effect. Self-serving and conclusory declarations of fact are insufficient to raise a genuine issue of fact. United States v. Wilson, 881 F.2d 596, 601 (9th Cir.1989). This is especially so when, as here, such an assertion is not sworn. We conclude that the district court was correct in finding no genuine issue of material fact.
 
 
 6
 Connor contends, however, that even if he did sign the waiver, it was invalid because Nevada law does not permit him to waive parole hearings. The Nevada law he cites provides that "[u]pon denying an application for parole, the board shall schedule a rehearing. The date for the rehearing shall be at the discretion of the board, but in no case shall the elapsed time between hearings exceed 3 years." Nev.Rev.Stat.Ann. § 213.142.
 
 
 7
 This statute does not address whether prisoner waiver is permitted, and there is no case law in Nevada on the subject. However, in 1991 the Nevada legislature passed a statute prohibiting waivers. See Nev.Rev.Stat.Ann. § 213.140. The fact that this statute was passed in 1991 suggests that the practice was not prohibited during the period in question here, March 1987 to September 1990. Given this, and the absence of any authority to the contrary, we conclude that Connor could and did waive his right to parole hearings in March 1987. As a result, the district court properly granted summary judgment on Connor's claims for the period March 1987 to September 1990.
 
 
 8
 The next question is whether summary judgment was properly granted on Connor's claims regarding the pre-March 1987 failure to provide parole hearings. The district court held that all such claims were barred by the statute of limitations. There is no federal statute of limitations for § 1983 claims. Wilson v. Garcia, 471 U.S. 261, 266 (1985). The Supreme Court has held that the appropriate statute of limitations is the relevant state statute of limitations for personal injury actions. Id. at 280; see generally 42 U.S.C. § 1988. When a state has more than one personal injury statute of limitations, the residual statute, applying to personal injury actions not specifically enumerated elsewhere, should be applied to § 1983 actions. Owens v. Okure, 109 S.Ct. 573, 582 (1989).
 
 
 9
 In Nevada, where this case arises, the applicable statute of limitations is the residual statute for personal injury actions, Nev.Rev.Stat.Ann. § 11.190(4)(e). It provides for a two-year limitation. Id. Thus it would bar all claims which accrued before August 10, 1988.[1]
 
 
 10
 Connor contends, however, that his earlier claims did not arise before then because the failure to provide parole hearings was an ongoing violation and the statute of limitations should have been tolled. We need not decide this. Even if the alleged violation was ongoing, it ended when Connor was offered a parole hearing in April 1987 and chose to sign a waiver. His earlier claims would thus still be barred.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The instant action was filed August 10, 1990